**Fill in this information to identify the case**

United States Bankruptcy Court for the

_____ District of __Delaware__
(State)

Case number (*If known*): _____    Chapter __11__

☐ Check if this is an amended filing

### Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy    04/16

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| 1. | **Debtor's name** | LBI Media, Inc. |

| | | |
|---|---|---|
| 2. | **All other names debtor used in the last 8 years**<br><br>Include any assumed names, trade names, and *doing business as* names | Fenomeno Studios LLC<br>EstrellaTV |

| | | |
|---|---|---|
| 3. | **Debtor's federal Employer Identification Number** (EIN) | 95-4668901 |

**4. Debtor's address**

| Principal place of business | | | Mailing address, if different from principal place of business | | |
|---|---|---|---|---|---|
| 1845 | West Empire Avenue | | | | |
| Number | Street | | Number | Street | |
| | | | P.O. Box | | |
| Burbank | California | 91504 | | | |
| City | State | ZIP Code | City | State | ZIP Code |
| | | | **Location of principal assets, if different from principal place of business** | | |
| Los Angeles County | | | | | |
| County | | | Number | Street | |
| | | | City | State | ZIP Code |

| | | |
|---|---|---|
| 5. | **Debtor's website** (URL) | www.lbimedia.com |

| | | |
|---|---|---|
| 6. | **Type of debtor** | ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))<br>☐ Partnership (excluding LLP)<br>☐ Other.  Specify: _____ |

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

B. *Check all that apply:*

☐ Tax- entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

5151 (Radio and Television Broadcasting)

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11. *Check all that apply*:

     ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,566,050 (amount subject to adjustment on 4/01/19 and every 3 years after that).

     ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

     ☒ A plan is being filed with this petition.

     ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

     ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

     ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No

☐ Yes    District _____    When _____    Case number _____

                                              MM/ DD/ YYYY

        District _____    When _____    Case number _____

                                                MM / DD/ YYYY

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1,

☐ No

☒ Yes    Debtor    See Schedule 1        Relationship    See Schedule 1

        District    See Schedule 1         When    See Schedule 1

        Case number, if known _____        MM / DD/ YYYY

attach a separate list.

**11. Why is the case filed in this district?**

*Check all that apply:*

☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No
☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?**  _____
Number          Street

_____
City              State        ZIP Code

**Is the property insured?**

☐ No
☐ Yes. Insurance agency _____
         Contact Name _____
         Phone _____

---

### Statistical and administrative information

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.
☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors**
**(on a consolidated basis)**

| | | |
|---|---|---|
| ☐ 1-49 | ☒ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5,001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ☐ 200-999 | | |

**15. Estimated assets**
**(on a consolidated basis)**

| | | |
|---|---|---|
| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☒ $100,000,001-$500 million | ☐ More than $50 billion |

**16. Estimated liabilities**
**(on a consolidated basis)**

| | | |
|---|---|---|
| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☒ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |

| | | |
|---|---|---|
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

## Request for Relief, Declaration, and Signatures

**WARNING** — Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

- ▪ The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

- ▪ I have been authorized to file this petition on behalf of the debtor.

- ▪ I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   <u>November 21, 2018</u>
                 MM/ DD /YYYY

✗   <u>/s/ Brian Kei</u>            <u>Brian Kei</u>
Signature of authorized representative of debtor            Printed name

<u>Chief Financial Officer</u>
Title

**18. Signature of attorney**

✗   <u>/s/ Daniel J. DeFranceschi</u>    Date   <u>November 21, 2018</u>
Signature of attorney for debtor                     MM / DD / YYYY

<u>Daniel J. DeFranceschi</u>            <u>Ray C. Schrock, P.C.</u>
Printed Name

<u>Richards, Layton & Finger, P.A.</u>       <u>Weil, Gotshal & Manges LLP</u>
Firm Name

<u>One Rodney Square, 920 North King Street</u>    <u>767 Fifth Avenue</u>
Number        Street

<u>Wilmington, Delaware 19801</u>        <u>New York, New York 10153</u>
City/State/Zip

<u>(302) 651-7700</u>              <u>(212) 310-8000</u>
Contact phone

<u>defranceschi@rlf.com</u>          <u>ray.schrock@weil.com</u>
Contact email address

<u>2732</u>       <u>Delaware</u>
Bar Number     State

## Schedule 1

### Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

On the date hereof, each of the affiliated entities listed below (including the debtor in this chapter 11 case) filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for District of Delaware. The debtors have filed a motion requesting that the chapter 11 cases of these entities be consolidated for procedural purposes only and jointly administered under the number assigned to the chapter 11 case of LBI Media, Inc.

| COMPANY | CASE NUMBER | DATE FILED | DISTRICT |
|---|---|---|---|
| Liberman Broadcasting, Inc. | 18-_____( ) | November 21, 2018 | Delaware |
| LBI Media, Inc. | 18-_____( ) | November 21, 2018 | Delaware |
| LBI Media Holdings, Inc. | 18-_____( ) | November 21, 2018 | Delaware |
| LBI Media Intermediate Holdings, Inc. | 18-_____( ) | November 21, 2018 | Delaware |
| Empire Burbank Studios LLC | 18-_____( ) | November 21, 2018 | Delaware |
| Liberman Broadcasting of California LLC | 18-_____( ) | November 21, 2018 | Delaware |
| LBI Radio License LLC | 18-_____( ) | November 21, 2018 | Delaware |
| Liberman Broadcasting of Houston LLC | 18-_____( ) | November 21, 2018 | Delaware |
| Liberman Broadcasting of Houston License LLC | 18-_____( ) | November 21, 2018 | Delaware |
| Liberman Television of Houston LLC | 18-_____( ) | November 21, 2018 | Delaware |
| KZJL License LLC | 18-_____( ) | November 21, 2018 | Delaware |
| Liberman Television LLC | 18-_____( ) | November 21, 2018 | Delaware |
| KRCA Television LLC | 18-_____( ) | November 21, 2018 | Delaware |
| KRCA License LLC | 18-_____( ) | November 21, 2018 | Delaware |
| Liberman Television of Dallas LLC | 18-_____( ) | November 21, 2018 | Delaware |
| Liberman Television of Dallas License LLC | 18-_____( ) | November 21, 2018 | Delaware |
| Liberman Broadcasting of Dallas LLC | 18-_____( ) | November 21, 2018 | Delaware |
| Liberman Broadcasting of Dallas License LLC | 18-_____( ) | November 21, 2018 | Delaware |

**ACTION BY**
**WRITTEN CONSENT OF**
**THE GOVERNING BODY OF**
**LBI MEDIA, INC.**

November 20, 2018

The required members of the board of directors (the "**Governing Body**"), of LBI Media, Inc. (the "**Corporation**"), do hereby consent to, adopt, and approve, by written consent in accordance with Section 307(b) of the California General Corporation Law, the following resolutions and each and every action effected thereby:

> **WHEREAS**, the Governing Body of the Corporation has reviewed and had the opportunity to ask questions about the materials presented by the management and the legal and financial advisors of the Corporation regarding the liabilities and liquidity of the Corporation, the strategic alternatives available to it and the impact of the foregoing on the Corporation businesses;

> **WHEREAS**, the Governing Body of the Corporation has had the opportunity to consult with the management and the legal and financial advisors of the Corporation to fully consider each of the strategic alternatives available to the Corporation; and

> **WHEREAS**, each Governing Body believes that taking the actions set forth below are in the best interests of the Corporation and, therefore, desires to approve the following resolutions.

**I.    Commencement of Chapter 11 Case**

> **NOW, THEREFORE, BE IT RESOLVED**, that the Governing Body of the Corporation has determined, after due consultation with the management and the legal and financial advisors of the Corporation, that it is desirable and in the best interests of the Corporation, its creditors, and other parties in interest that a petition be filed with the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**") by the Corporation seeking relief under the provisions of chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"); and be it

> **FURTHER RESOLVED**, that any manager, member, officer or director of the Corporation (each, an "**Authorized Officer**"), in each case, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed to execute and file in the name and on behalf of the Corporation, and under its corporate seal or otherwise, all plans, petitions, schedules, statements, motions, lists, applications, pleadings, papers, affidavits, declarations, orders, and other documents (collectively, the "**Chapter 11 Filings**") in the Bankruptcy Court, and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors, investment bankers and other professionals, and to take and perform any and all further acts and deeds which such Authorized Officer, who may act without the joinder of any other Authorized Officer, deems necessary, proper, or desirable in connection with the Corporation's chapter 11 case (the "**Chapter 11 Case**") or the Chapter 11 Filings, including, without limitation, (i) the payment of fees, expenses, and taxes such Authorized Person deems necessary, appropriate, or desirable), and (ii) negotiating, executing, delivering, performing, and filing any and all documents, schedules, statements, lists, papers, agreements, certificates, and/or instruments in connection with, or in furtherance of, the Chapter 11 Cases and the transactions and professional retentions set forth in this resolution, with a view to the successful prosecution of the Chapter 11 Case; and be it

II.    **Restructuring Support Agreement, Plan, and Disclosure Statement**

**FURTHER RESOLVED**, that in connection with the Chapter 11 Case, it is in the best interests of the Corporation to enter into a restructuring support agreement (the "**Restructuring Support Agreement**") on terms and conditions substantially similar to those set forth in the form of Restructuring Support Agreement previously provided to the Governing Body; and be it

**FURTHER RESOLVED**, that the form, terms and provisions of the Restructuring Support Agreement together with the Joint Chapter 11 Plan of Reorganization of LBI Media, Inc. and its Affiliated Debtors (the "**Plan**") and related disclosure statement (the "**Disclosure Statement**") and the execution, delivery and performance thereof and the consummation of the transactions contemplated thereunder by the Corporation are hereby authorized, approved and declared advisable and in the best interests of the Corporation, with such changes therein and additions thereto as any Authorized Officer, who may act without the joinder of any other Authorized Officer, executing the same may in such Authorized Officer's discretion deem necessary or appropriate, it being acknowledged that the execution of the Restructuring Support Agreement, Plan, or Disclosure Statement and such other documents, agreements, instruments and certificates as may be required, or contemplated by the Restructuring Support Agreement, Plan and Disclosure Statement, as applicable, shall be conclusive evidence of the approval thereof; and be it

**FURTHER RESOLVED**, that any Authorized Officer, who may act without the joinder of any other Authorized Officer, is hereby authorized, empowered, and directed, in the name and on behalf of the Corporation, to cause the Corporation to enter into, execute, deliver, certify, file and/or record, and perform, the Restructuring Support Agreement, Plan and Disclosure Statement, substantially in the forms previously presented to the Governing Body, together with such other documents, agreements, instruments and certificates as may be required, or contemplated by the Restructuring Support Agreement, Plan and Disclosure Statement; and be it

**FURTHER RESOLVED**, that any Authorized Officer, who may act without the joinder of any other Authorized Officer, is hereby authorized, empowered, and directed, in the name and on behalf of the Corporation, to execute and deliver any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions and extensions of the Restructuring Support Agreement, Plan and Disclosure Statement and/or any of the related documents which shall, in such Authorized Officer's sole judgment, be necessary, proper or advisable; and be it

III.    **Retention of Advisors**

**FURTHER RESOLVED**, that the law firm of Weil, Gotshal & Manges LLP, located at 767 Fifth Avenue, New York, NY 10153, is hereby retained as attorneys for the Corporation in its Chapter 11 Cases, subject to Bankruptcy Court approval; and be it

**FURTHER RESOLVED**, that the law firm of Richards, Layton & Finger, P.A., located at One Rodney Square, 920 North King Street, Wilmington, DE 19801, is hereby retained as attorneys for the Corporation in its Chapter 11 Cases, subject to Bankruptcy Court approval; and be it

**FURTHER RESOLVED**, that Guggenheim Securities, LLC, located at 330 Madison Avenue, New York, NY 10017, is hereby retained as investment banker for the Corporation in its Chapter 11 Cases, subject to Bankruptcy Court approval; and be it

**FURTHER RESOLVED**, that Alvarez & Marsal North America, LLC, located at 2029 Century Park East, Los Angeles, CA 90067, is hereby retained as financial advisor for the Corporation in its Chapter 11 Cases, subject to Bankruptcy Court approval; and be it

**FURTHER RESOLVED**, that Epiq Corporate Restructuring, LLC, located at 777 Third Avenue, New York, NY 10017, is hereby retained as claims, noticing and solicitation agent for the Corporation in its Chapter 11 Cases, subject to Bankruptcy Court approval; and be it

## IV.    Debtor-in-Possession Financing

**FURTHER RESOLVED**, that it is in the best interests of the Corporation to enter into, and the Corporation will obtain benefits from, the lending transactions under that certain senior secured, debtor-in-possession term loan credit facility (the "**DIP Financing**" and the credit agreement related thereto together with any exhibits and schedules, collectively, the "**DIP Credit Agreement**") in an aggregate principal amount of $38,000,000 to be entered into between the Corporation, as borrower, and the existing and future direct and indirect wholly-owned subsidiaries of the Corporation, as guarantors, the lender(s) from time to time party thereto (the "**Lenders**"), and HPS Investment Partners, LLC, as administrative agent, subject to Bankruptcy Court approval, which is necessary and appropriate in respect of the Corporation's business operations and restructuring efforts; and be it

**FURTHER RESOLVED**, that the form, terms, and provisions of each of (a) the DIP Credit Agreement, and (b) any and all of the other agreements, certificates, documents and instruments authorized, executed, delivered, reaffirmed, verified, or filed in connection with the DIP Financing (together with the DIP Credit Agreement, collectively, the "**DIP Financing Documents**") and the Corporation's performance of its obligations thereunder, including the borrowings and guarantees contemplated thereunder, are hereby, in all respects confirmed, ratified, and approved; and be it

**FURTHER RESOLVED**, that any Authorized Person, in each case, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed, with full power of delegation, in the name and on behalf of the Corporation, to negotiate and approve the terms, provisions of and performance of, and to prepare, execute, and deliver the DIP Financing Documents; and be it

**FURTHER RESOLVED**, that any Authorized Person, in each case, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed, with full power of delegation, in the name and on behalf of the Corporation, to grant security interests in, and liens on, any and all property of the Corporation as collateral pursuant to the DIP Financing Documents to secure all of the obligations and liabilities of the Corporation thereunder to the Lenders and to authorize, execute, verify, file or deliver to the Lenders all agreements, documents, and instruments required by the Lenders in connection with the foregoing; and be it

**FURTHER RESOLVED**, that any Authorized Person, in each case, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed, with full power of delegation, in the name and on behalf of the Corporation, to take all such further actions, including to pay all fees and expenses in accordance with the terms of the DIP Financing Documents, which shall, in such Authorized Person's judgment, be necessary, proper or advisable to perform the Corporation's obligations under or in connection with the DIP Financing Documents and the transactions contemplated therein and to carry out fully the intent of the foregoing resolutions; and be it

**FURTHER RESOLVED**, that any Authorized Person, in each case, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed, with full power of delegation, in the name and on behalf of the Corporation, to execute and deliver any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions and extensions of any of the DIP Financing Documents which shall, in such Authorized Person's judgment, be necessary, proper or advisable; and be it

**FURTHER RESOLVED**, that the Corporation be, and hereby is, authorized to incur the obligations and to undertake any and all related transactions contemplated under the DIP Financing Documents including the borrowing and reborrowing of loans, guaranteeing of obligations of the Borrower, granting of security thereunder and the pledging of collateral; and be it

**FURTHER RESOLVED**, that any Authorized Person, in connection with the DIP Financing, be authorized, empowered, and directed to negotiate and obtain the use of cash collateral or other similar arrangements, including, without limitation, to enter into any guarantees and to pledge and grant liens on and security interests in any and all property of the Corporation as may be contemplated by or required under the terms of any cash collateral agreements or other similar arrangements entered into in connection with the DIP Financing, in such amounts as is reasonably necessary for the continuing conduct of the affairs of the Corporation in the Chapter 11 Case and any of the Corporation's affiliates who may also, concurrently with the Corporation's petition, file for relief under the Bankruptcy Code; and be it

## V.   <u>General Authorization and Ratification</u>

**FURTHER RESOLVED**, that any Authorized Officer who may act without the joinder of any other Authorized Officer, is hereby authorized, empowered, and directed, in the name and on behalf of the Corporation, to cause the Corporation to enter into, execute, deliver, certify, file and/or record, and perform, such agreements, instruments, motions, affidavits, applications for approvals or rulings of governmental or regulatory authorities, certificates, or other documents, and to take such other actions that in the judgment of any Authorized Officer, who may act without the joinder of any other Authorized Officer, shall be or become necessary, proper, or desirable in connection with the Chapter 11 Cases; and be it

**FURTHER RESOLVED**, that any and all past actions heretofore taken by any Authorized Officer in the name and on behalf of the Corporation in furtherance of any or all of the preceding resolutions be, and the same hereby are, ratified, confirmed, and approved in all respects as the acts and deeds of the Corporation.

**FURTHER RESOLVED**, that this consent may be executed in two or more counterparts, each of which shall constitute an original, and all of which shall constitute one and the same instrument. The secretary of the Corporation is authorized to place a copy of this consent in the official records of the Corporation to document the actions set forth herein as actions taken by the Governing Body of the Corporation.

**IN WITNESS WHEREOF**, the undersigned, being all of the members of the board of directors of the Corporation, have executed this written consent as of the date set forth above.

_____
Name: José Liberman


_____
Name: Lenard D. Liberman


_____
Name: Winter Horton


_____
Name: Rockard Delgadillo


_____
Name: Peter Connoy


_____
Name: Neal Goldman

**IN WITNESS WHEREOF**, the undersigned, being all of the members of the board of directors of the Corporation, have executed this written consent as of the date set forth above.

_____
Name: José Liberman

_____
Name: Lenard D. Liberman

_____
Name: Winter Horton

_____
Name: Rockard Delgadillo

_____
Name: Peter Connoy

_____
Name: Neal Goldman

**IN WITNESS WHEREOF**, the undersigned, being all of the members of the board of directors of the Corporation, have executed this written consent as of the date set forth above.

_____

Name: José Liberman

_____

Name: Lenard D. Liberman

_____

Name: Winter Horton

_____

Name: Rockard Delgadillo

_____

Name: Peter Connoy

_____

Name: Neal Goldman

**IN WITNESS WHEREOF**, the undersigned, being all of the members of the board of directors of the Corporation, have executed this written consent as of the date set forth above.

_____
Name: José Liberman


_____
Name: Lenard D. Liberman


_____
Name: Winter Horton

_____
Name: Rockard Delgadillo


_____
Name: Peter Connoy


_____
Name: Neal Goldman

**IN WITNESS WHEREOF**, the undersigned, being all of the members of the board of directors of the Corporation, have executed this written consent as of the date set forth above.

_____

Name: José Liberman

_____

Name: Lenard D. Liberman

_____

Name: Winter Horton

_____

Name: Rockard Delgadillo

_____

Name: Peter Connoy

_____

Name: Neal Goldman

**IN WITNESS WHEREOF**, the undersigned, being all of the members of the board of directors of the Corporation, have executed this written consent as of the date set forth above.

_____
Name: José Liberman


_____
Name: Lenard D. Liberman


_____
Name: Winter Horton


_____
Name: Rockard Delgadillo


_____
Name: Peter Connoy


_____
Name: Neal Goldman

Fill in this information to identify the case:

Debtor name   LBI Media, Inc.

United States Bankruptcy Court for the:

Case number (If known):

☐  Check if this is an amended filing

# Official Form 204

## Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders

12/15

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim<br>If the claim is fully unsecured, fill in only unsecured | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | TMI TRUST COMPANY<br>ATTN: KATHY KNAPP, VP, CCTS<br>1100 ABERNATHY ROAD NE, SUITE 480<br>ATLANTA, GA  30328-5634 | KATHY KNAPP,<br>VP, CCTS<br><br>FAX - 404-365-7055 | Unsecured Notes | | | | $   27,954,755 |
| 2 | U.S. BANK NATIONAL ASSOCIATION<br>ATTN: GLOBAL CORPORATE TRUST SERVICES<br>1420 FIFTH AVENUE, 7TH FLOOR<br>SEATTLE, WA  98101 | GLOBAL CORPORATE TRUST SERVICES<br><br>FAX - 206-344-4630 | Unsecured Notes | | | | $   8,464,963 |
| 3 | ASCAP<br>ATTN: GREGORY MORGADO, GENERAL COUNSEL<br>250 WEST 57TH STREET<br>NEW YORK, NY  10107 | GREGORY MORGADO,<br>GENERAL COUNSEL<br><br>PHONE - 212-621-6000<br>FAX - 212-621-8453 | Trade | | | | $   1,977,292 |
| 4 | NIELSEN-MEDIA RESEARCH<br>ATTN: ERIC J DALE, CHIEF LEGAL OFFICER<br>85 BROAD ST<br>NEW YORK, NY  10004 | ERIC J DALE,<br>CHIEF LEGAL OFFICER<br><br>EMAIL - IR@NIELSEN.COM<br>PHONE - 800-864-1224 | Trade | | | | $   1,063,095 |
| 5 | NIELSEN-AUDIO<br>ATTN: ERIC J DALE, CHIEF LEGAL OFFICER<br>85 BROAD ST<br>NEW YORK, NY  10004 | ERIC J DALE,<br>CHIEF LEGAL OFFICER<br><br>EMAIL - IR@NIELSEN.COM<br>PHONE - 800-864-1224 | Trade | | | | $   532,798 |
| 6 | BROADCAST MUSIC, INC.<br>ATTN: STUART ROSEN, SENIOR VICE PRESIDENT & GENERAL COUNSEL<br>7 WORLD TRADE CENTER<br>250 GREENWICH STREET<br>NEW YORK, NY  10007-0030 | STUART ROSEN,<br>SENIOR VICE PRESIDENT & GENERAL COUNSEL<br><br>EMAIL - NEWYORK@BMI.COM<br>PHONE - 212-220-3000 | Trade | | | | $   439,493 |
| 7 | LATHAM & WATKINS<br>ATTN: MATTHEW ROSKOSKI, GENERAL COUNSEL<br>555 ELEVENTH STREET, NW<br>SUITE 1000<br>WASHINGTON, DC  20004-1304 | MATTHEW ROSKOSKI,<br>GENERAL COUNSEL<br><br>EMAIL - MATTHEW.ROSKOSKI@LW.COM<br>PHONE - 202-637-2131 | Trade | | | | $   301,652 |
| 8 | VTP<br>2721 MAGNOLIA BLVD<br>BURBANK, CA  91505 | PHONE - 818-566-9898<br>FAX - 818-566-8989 | Trade | | | | $   253,572 |
| 9 | SESAC LATINA<br>ATTN: CHRISTOS P BADAVAS, SENIOR VICE PRESIDENT & GENERAL COUNSEL<br>152 WEST 57TH STREET<br>57TH FLOOR<br>NEW YORK, NY  10019 | CHRISTOS P BADAVAS,<br>SENIOR VICE PRESIDENT & GENERAL COUNSEL<br><br>PHONE - 212-586-3450 | Trade | | | | $   220,369 |
| 10 | MEDIAOCEAN LLC<br>ATTN: ALLISON WALLACE, GENERAL COUNSEL<br>45 WEST 18TH STREET<br>NEW YORK, NY  10011 | ALLISON WALLACE,<br>GENERAL COUNSEL<br><br>PHONE - 212-633-8100<br>FAX - 212-633-5418 | Trade | | | | $   140,369 |
| 11 | IWG TOWER ASSETS II, LLC<br>ATTN: RONI D JACKSON, GENERAL COUNSEL<br>1199 N FAIRFAX ST<br>STE 700<br>ALEXANDRIA, VA  22314 | RONI D JACKSON,<br>GENERAL COUNSEL<br><br>PHONE - 703-535-3009 | Trade | | | | $   128,323 |

Debtor Name: LBI Media, Inc.

Case Number (if known) _____

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 12 LEVEL(3) COMMUNICATIONS ATTN: ANN D DAVIDSON, SENIOR VICE PRESIDENT & GENERAL COUNSEL 100 CENTURYLINK DRIVE MONROE, LA 71203 | ANN D DAVIDSON, SENIOR VICE PRESIDENT & GENERAL COUNSEL PHONE - 318-388-9000 | Trade | | | | $ 116,949 |
| 13 AMERICAN TOWER CORPORATION ATTN: ED DISANTO, EXECUTIVE VICE PRESIDENT, CHIEF ADMINISTRATIVE OFFICER, GENERAL COUNSEL AND SECRETARY 116 HUNTINGTON AVE 11TH FLOOR BOSTON, MA 02116 | ED DISANTO, EXECUTIVE VICE PRESIDENT, CHIEF ADMINISTRATIVE OFFICER, GENERAL COUNSEL AND SECRETARY PHONE - 617-375-7500 FAX - 617-375-7575 | Trade | | | | $ 82,070 |
| 14 AD LEVERAGE ATTN: ANDREW PALOSI, PRESIDENT & CHIEF EXECUTIVE OFFICER 1329 E THOUSAND OAKS BLVD #200 THOUSAND OAKS, CA 91362 | ANDREW PALOSI, PRESIDENT & CHIEF EXECUTIVE OFFICER EMAIL - INFO@ADLEVERAGE.COM PHONE - 805-230-9100 | Trade | | | | $ 76,390 |
| 15 MOODY'S INVESTORS SERVICE ATTN: JOHN J GOGGINS, EXECUTIVE VICE PRESIDENT AND GENERAL COUNSEL 7 WORLD TRADE CENTER 250 GREENWICH STREET NEW YORK, NY 10007 | JOHN J GOGGINS, EXECUTIVE VICE PRESIDENT AND GENERAL COUNSEL PHONE - 212-553-1653 | Trade | | | | $ 72,500 |
| 16 STANDARD AND POOR'S ATTN: STEVEN J KEMPS, EXECUTIVE VICE PRESIDENT AND GENERAL COUNSEL 55 WATER STREET NEW YORK, NY 10041 | STEVEN J KEMPS, EXECUTIVE VICE PRESIDENT AND GENERAL COUNSEL PHONE - 866-436-8502 FAX - 212-438-3303 | Trade | | | | $ 72,500 |
| 17 BURBANK WATER AND POWER ATTN: BOB LIU, CHIEF FINANCIAL OFFICER 164 W MAGNOLIA BLVD BURBANK, CA 91502-1720 | BOB LIU, CHIEF FINANCIAL OFFICER PHONE - 818-238-3700 | Trade | | | | $ 69,336 |
| 18 AT&T ATTN: DAVID MCATEE, SENIOR VICE PRESIDENT & GENERAL COUNSEL 208 S AKARD ST DALLAS, TX 75202 | DAVID MCATEE, SENIOR VICE PRESIDENT & GENERAL COUNSEL PHONE - 210-821-4105 | Trade | | | | $ 57,950 |
| 19 BUC, INC 1314 NORTH EAST 17 COURT FORT LAUDERDALE, FL 33305 | PHONE - 954-565-6715 FAX - 954-565-6715 | Trade | | | | $ 54,633 |
| 20 IRELLA MANELLA LLP ATTN: RICHARD H BOROW, SENIOR PARTNER & GENERAL COUNSEL 1800 AVENUE OF THE STARS SUITE 900 LOS ANGELES, CA 90067-4276 | RICHARD H BOROW, SENIOR PARTNER & GENERAL COUNSEL EMAIL - INFO@IRELL.COM PHONE - 310-277-1010 FAX - 310-203-7199 | Trade | | | | $ 49,437 |
| 21 VERTIV SERVICES, INC ATTN: COLIN FLANNERY, GENERAL COUNSEL 1050 DEARBORN DRIVE COLUMBUS, OH 43085 | COLIN FLANNERY, GENERAL COUNSEL PHONE - 614-888-0246 FAX - 614-841-6882 | Trade | | | | $ 44,214 |
| 22 TVU NETWORKS CORP. ATTN: PAUL SHEN, CHIEF EXECUTIVE OFFICER 857 MAUDE AVENUE MOUNTAIN VIEW, CA 94043 | PAUL SHEN, CHIEF EXECUTIVE OFFICER PHONE - 950-969-6732 FAX - 650-969-6747 | Trade | | | | $ 39,201 |
| 23 MARKETRON INC. ATTN: MATT WELLNER, CHIEF FINANCIAL OFFICER 101 EMPTY SADDLE TRAIL HAILEY, ID 83333 | MATT WELLNER, CHIEF FINANCIAL OFFICER PHONE - 208-788-6800 FAX - 208-788-6273 | Trade | | | | $ 34,329 |

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 24 CITY OF BURBANK-FIRE DEPT<br>2116 W MAGNOLIA BLVD<br>BURBANK, CA 91506 | PHONE - 818-964-1778<br>FAX - 818-238-3479 | Trade | | | | $ 29,071 |
| 25 IMAGINE COMMUNICATIONS CORP<br>7950 LEGACY DRIVE, SUITE 400-485<br>PLANO, TX 75024 | EMAIL -<br>INSIDESALE@IMAGINECOMMUNICATIONS.COM<br>PHONE - 469-803-4900<br>FAX - 469-535-2970 | Trade | | | | $ 26,080 |
| 26 BECKROSE ESTATE, L.L.C.<br>C/O STEINBERG & POKOIK MGMT<br>575 MADISON AVE<br>NEW YORK, NY 10022 | PHONE - 212-755-9525 | Trade | | | | $ 23,065 |
| 27 CARDONA, RENAN<br>C/O BRUCE KOKOZIAN, ESQ.<br>9440 S. SANTA MONICA BLVD., SUITE 510<br>BEVERLEY HILLS, CA 90210 | BRUCE KOKOZIAN, ESQ.<br>PHONE - 323-857-5900<br>FAX - 310-275-6301 | Litigation | C, U, D | | | $ - |
| 28 AMEZOLA, KARLA<br>C/O JONATHAN J. DELSHAD, ESQ.<br>1663 SAWTELLE BLVD., SUITE 220<br>LOS ANGELES, CA 90025 | JONATHAN J. DELSHAD, ESQ.<br>PHONE - 424-255-8376<br>FAX - 424-256-7899 | Litigation | C, U, D | | | $ - |
| 29 LEVY, DANIEL<br>C/O JONATHAN J. DELSHAD, ESQ. AND ELIE D. GHODSI, ESQ.<br>1663 SAWTELLE BLVD., SUITE 220<br>LOS ANGELES, CA 90025 | JONATHAN J. DELSHAD, ESQ. AND ELIE D. GHODSI, ESQ.<br>PHONE - 424-255-8376<br>FAX - 424-256-7899 | Litigation | C, U, D | | | $ - |
| 30 UNIVERSAL MUSIC GROUP<br>2100 COLORADO AVENUE<br>SANTA MONICA, CA 90404 | PHONE - 310-235-4700<br>FAX - 310-235-4907 | Royalties Claim | C, U, D | | | $ - |

<table>
<tr><td colspan="2"><strong>Fill in this information to identify the case:</strong></td></tr>
</table>

Debtor name: <u>LBI Media, Inc.</u>

United States Bankruptcy Court for the <u>District of Delaware</u>
<div style="text-align:center">(State)</div>

Case number (*If known*): _____

# Official Form 202

## Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.**

**WARNING – Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ Schedule A/B: Assets–Real and Personal Property (Official Form 206A/B)
- ☐ Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)
- ☐ Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)
- ☐ Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)
- ☐ Schedule H: Codebtors (Official Form 206H)
- ☐ Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)
- ☐ Amended Schedule _____
- ☑ Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders (Official Form 204)
- ☐ Other document that requires a declaration _____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on <u>November 21, 2018</u>  　　X <u>/s/ Brian Kei</u>
<div style="margin-left:9em">MM /DD /YYYY</div>

<u>　　　　　　　　　　　　　　　　　　　　　</u>
Signature of individual signing on behalf of debtor

<u>Brian Kei</u>
Printed name

<u>Chief Financial Officer</u>
Position or relationship to debtor

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

```
------------------------------------------------------- x
In re:                                    :
                                          :      Chapter 11
                                          :
LBI MEDIA, INC., et al.                   :      Case No. 18– _____ (      )
                                          :
                    Debtors.¹             :      (Joint Administration Requested)
                                          :
------------------------------------------------------- x
```

**CONSOLIDATED CORPORATE OWNERSHIP STATEMENT**
**PURSUANT TO FEDERAL RULES OF BANKRUPTCY PROCEDURE 1007 AND 7007.1**

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy

Procedure, annexed hereto as **Exhibit A** is an organizational chart reflecting all of the ownership

interests in LBI Media, Inc. and its affiliated debtors (the "**Affiliated Debtors**"), as proposed

debtors and debtors in possession (collectively, the "**Debtors**").  LBI, on behalf of itself and the

Affiliated Debtors, respectfully represents as follows:

1.      Lenard Liberman directly holds 99.35% of the Class A common stock and

100% of the Class B common stock of Liberman Broadcasting, Inc.  To the best of the Debtors'

knowledge and belief, no other person or entity directly owns ten percent (10%) or more of the

equity interests in Liberman Broadcasting, Inc.

2.      Liberman Broadcasting, Inc. owns one hundred percent (100%) of the

equity interests of LBI Media Holdings, Inc.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: LBI Media, Inc. (8901); Liberman Broadcasting, Inc. (8078); LBI Media Holdings, Inc. (4918); LBI Media Intermediate Holdings, Inc. (9635); Empire Burbank Studios LLC (4443); Liberman Broadcasting of California LLC (1156); LBI Radio License LLC (8905); Liberman Broadcasting of Houston LLC (6005); Liberman Broadcasting of Houston License LLC (6277); Liberman Television of Houston LLC (2887); KZJL License LLC (2880); Liberman Television LLC (8919); KRCA Television LLC (4579); KRCA License LLC (8917); Liberman Television of Dallas LLC (6163); Liberman Television of Dallas License LLC (1566); Liberman Broadcasting of Dallas LLC (6468); and Liberman Broadcasting of Dallas License LLC (6537).  The Debtors' mailing address is 1845 West Empire Avenue, Burbank, California 91504.

3.      LBI Media Holdings, Inc. owns one hundred percent (100%) of the equity interests of LBI Media Intermediate Holdings, Inc.

4.      LBI Media Intermediate Holdings, Inc. owns one hundred percent (100%) of the equity interests of LBI Media, Inc.

5.      LBI Media, Inc. owns one hundred percent (100%) of the membership interests of:

    a.  Empire Burbank Studios LLC;

    b.  Liberman Broadcasting of California LLC;

    c.  Liberman Broadcasting of Houston LLC;

    d.  Liberman Television of Houston LLC;

    e.  Liberman Television LLC;

    f.  Liberman Television of Dallas LLC;

    g.  Liberman Broadcasting of Dallas LLC;

6.      Liberman Broadcasting of California LLC owns one hundred percent (100%) of the membership interests of LBI Radio License LLC.

7.      Liberman Broadcasting of Houston LLC owns one hundred percent (100%) of the membership interests of Liberman Broadcasting of Houston License LLC.

8.      Liberman Television of Houston LLC owns one hundred percent (100%) of the membership interests of KZJL License LLC.

9.      Liberman Television LLC owns one hundred percent (100%) of the membership interests of KRCA Television LLC.

10.     Liberman Television of Dallas LLC owns one hundred percent (100%) of the membership interests of Liberman Television of Dallas License LLC.

11.     Liberman Broadcasting of Dallas LLC owns one hundred percent (100%)

of the membership interests of Liberman Broadcasting of Dallas License LLC.

12.     KRCA Television LLC owns one hundred percent (100%) of the membership interests of KRCA License LLC.

## Exhibit A

## Organizational Chart



**Fill in this information to identify the case:**

Debtor name: <u>LBI Media, Inc.</u>

United States Bankruptcy Court for the <u>District of Delaware</u>
(State)

Case number (*If known*): _____

# Official Form 202

## Declaration Under Penalty of Perjury for Non-Individual Debtors 12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING – Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ Schedule A/B: Assets–Real and Personal Property (Official Form 206A/B)
- ☐ Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)
- ☐ Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)
- ☐ Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)
- ☐ Schedule H: Codebtors (Official Form 206H)
- ☐ Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)
- ☐ Amended Schedule _____
- ☐ Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders (Official Form 204)
- ☑ Other document that requires a declaration <u>Corporate Ownership Statement</u>

I declare under penalty of perjury that the foregoing is true and correct.

Executed on <u>November 21, 2018</u>
MM / DD /YYYY

X <u>/s/ Brian Kei</u>
Signature of individual signing on behalf of debtor

<u>Brian Kei</u>
Printed name

<u>Chief Financial Officer</u>
Position or relationship to debtor

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

```
-------------------------------------------------------- x
In re:                                      :
                                            :       Chapter 11
                                            :
LBI MEDIA, INC.                             :       Case No. 18– _____ (      )
                                            :
                      Debtor.               :
                                            :
-------------------------------------------------------- x
```

## LIST OF EQUITY HOLDERS[1]

Pursuant to Rule 1007(a)(3) of the Federal Rules of Bankruptcy Procedure, the following identifies all holders having a direct or indirect ownership interest of the above-captioned debtor in possession (the "**Debtor**").

Check applicable box:

☐   There are no equity security holders or corporations that directly or indirectly own 10% or more of any class of the debtor's equity interest.

☒   The following are the debtor's equity security holders (list holders of each class, showing the number and kind of interests registered in the name of each holder, and the last known address or place of business of each holder):

| Name and Last Known Address or Place of Business of Holder | Kind/Class of Interest | Number of Interests Held |
|---|---|---|
| LBI Media Intermediate Holdings, Inc.<br>1845 West Empire Avenue<br>Burbank, California 91504 | Equity Interests | 100% |

---

[1] This list serves as the required disclosure by the Debtor pursuant to Rule 1007 of the Federal Rules of Bankruptcy Procedure.  All equity positions listed are as of the date of commencement of the chapter 11 case.

**Fill in this information to identify the case:**

Debtor name: <u>LBI Media, Inc.</u>

United States Bankruptcy Court for the <u>District of Delaware</u>
(State)

Case number (*If known*): _____

# Official Form 202

## Declaration Under Penalty of Perjury for Non-Individual Debtors        12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

WARNING – Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐  Schedule A/B: Assets–Real and Personal Property (Official Form 206A/B)

☐  Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)

☐  Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)

☐  Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)

☐  Schedule H: Codebtors (Official Form 206H)

☐  Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)

☐  Amended Schedule _____

☐  Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders (Official Form 204)

☑  Other document that requires a declaration <u>List of Equity Holders</u>

I declare under penalty of perjury that the foregoing is true and correct.

Executed on <u>November 21, 2018</u>
      MM / DD /YYYY

 **X** */s/ Brian Kei*_____
Signature of individual signing on behalf of debtor

Brian Kei_____
Printed name

Chief Financial Officer_____
Position or relationship to debtor