**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

-------------------------------------------------------x
In re:                                        :
                                              :    **Chapter 11**
                                              :
**LBI MEDIA, INC.,** *et al.*                 :    **Case No. 18–12655 (CSS)**
                                              :
                      **Debtors.**[1]         :    **(Jointly Administered)**
                                              :
                                              :    Hearing Date: To be determined.
                                              :    Objection Deadline: July 31, 2019 at 4:00 p.m. (ET)
                                              :
-------------------------------------------------------x

**MOTION OF DEBTORS PURSUANT TO**
**11 U.S.C. § 1121(d) FOR ENTRY OF AN ORDER (I) EXTENDING**
**THEIR EXCLUSIVE PERIODS AND (II) GRANTING RELATED RELIEF**

LBI Media, Inc. and its affiliated debtors in the above-captioned chapter 11 cases

(the "**Chapter 11 Cases**"), as debtors and debtors in possession (collectively, the "**Debtors**" or

"**LBI**"), hereby submit this motion (the "**Motion**") for entry of an order, substantially in the form

attached hereto as **Exhibit A** (the "**Proposed Order**"), extending the exclusive period during

which only the Debtors may file a chapter 11 plan and solicit acceptances thereof.  Specifically,

the Debtors seek to (a) extend their exclusive period to file a chapter 11 plan (the "**Exclusive Filing**

**Period**") for each Debtor, through and including November 16, 2019, and (b) extend their

exclusive period to solicit acceptances of a chapter 11 plan (the "**Exclusive Solicitation Period**,"

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: LBI Media, Inc. (8901); Liberman Broadcasting, Inc. (8078); LBI Media Holdings, Inc. (4918); LBI Media Intermediate Holdings, Inc. (9635); Empire Burbank Studios LLC (4443); Liberman Broadcasting of California LLC (1156); LBI Radio License LLC (8905); Liberman Broadcasting of Houston LLC (6005); Liberman Broadcasting of Houston License LLC (6277); Liberman Television of Houston LLC (2887); KZJL License LLC (2880); Liberman Television LLC (8919); KRCA Television LLC (4579); KRCA License LLC (8917); Liberman Television of Dallas LLC (6163); Liberman Television of Dallas License LLC (1566); Liberman Broadcasting of Dallas LLC (6468); and Liberman Broadcasting of Dallas License LLC (6537).  The Debtors' mailing address is 1845 West Empire Avenue, Burbank, California 91504.

and together with the Exclusive Filing Period, the "**Exclusive Periods**") through and including January 15, 2020.  In support of this Motion, the Debtors respectfully state as follows:

## Preliminary Statement

1.      The Debtors commenced these Chapter 11 Cases to accomplish a comprehensive financial restructuring that would, among other things:  (i) deleverage their capital structure and better position the Debtors to compete in the highly competitive television and radio broadcasting and production industry; (ii) maximize recoveries for the Debtors' economic stakeholders; and (iii) preserve more than 1,000 jobs and maintain key customer and vendor relationships that are critical to the Debtors' businesses.

2.      The Debtors have made significant progress towards that goal.  On April 17, 2019, this Court confirmed the *Third Amended Joint Chapter 11 Plan of Reorganization of LBI Media, Inc. and its Affiliated Debtors* [D.I. No. 829] (the "**Plan**").  However, the Plan will not become effective until regulatory approvals of the transactions contemplated thereby are obtained. The Debtors have filed the necessary applications to seek such regulatory approval, and are preparing for emergence, but recognize that it may require additional time to obtain approval. Accordingly, the Debtors seek a 120-day extension of the Exclusive Filing Period and the Exclusive Solicitation Period to November 16, 2019 and January 15, 2020, respectively, without prejudice to their right to seek a further extension.

3.      The Debtors respectfully submit that the relief requested herein should be granted.

## Case Background

4.      On November 21, 2018, the Debtors each commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**").

RLF1 21646250V.1

The Debtors are authorized to continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  On December 6, 2018 the United States Trustee for the District of Delaware appointed the Official Committee of Unsecured Creditors (the "**Creditors' Committee**") [D.I. No. 133].  No trustee or examiner has been appointed in these Chapter 11 Cases.

5.      The Debtors' Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

6.      Additional information regarding the Debtors' business, capital structure, and the circumstances leading to the commencement of these chapter 11 cases is set forth in the *Declaration of Brian Kei in* Support *of the Debtors' Chapter 11 Petitions and First Day Relief* [D.I. 13] and the disclosure statement for the Plan [D.I. 417].

### Jurisdiction and Venue

7.      The Court has jurisdiction over the Debtors, their estates, and this matter under  28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  This is a core proceeding under 28 U.S.C. § 157(b).  Venue is proper in this district under 28 U.S.C. §§ 1408 and 1409.

### Relief Requested

8.      Section 1121(b) of the Bankruptcy Code provides for an initial period of 120 days after the commencement of a chapter 11 case during which a debtor has the exclusive right to file a chapter 11 plan.  *See* 11 U.S.C. § 1121(b) ("Except as otherwise provided in this section, only the debtor may file a plan until after 120 days after the date of the order for relief under this chapter.").  Section 1121(c)(3) of the Bankruptcy Code provides that if a debtor files a

plan within the 120-day Exclusive Filing Period, it has a 180-day period from its petition date to solicit acceptance of its plan. 11 U.S.C. §11 1121(c)(3). The Debtors' initial Exclusive Filing Period and Exclusive Solicitation Period were set to expire on March 21, 2019, and May 20, 2019, respectively. On April 23, 2019, the Bankruptcy Court entered an order extending the Exclusive Filing Period to July 19, 2019 and the Exclusive Solicitation Period to September 17, 2019 [D.I. No. 861].

9.      By this Motion, pursuant to section 1121(d) of the Bankruptcy Code, the Debtors request entry of an order further extending their Exclusive Filing Period for 120 days through and including November 16, 2019, and their Exclusive Solicitation Period for 120 days through and including January 15, 2020, without prejudice to the Debtors' rights to seek additional extensions of such periods.[2]

### Basis for Relief

10.      Pursuant to section 1121(d) of the Bankruptcy Code, the Court may extend the Exclusive Periods "for cause."[3] The Debtors may seek extensions of the Exclusive Periods at any time before its expiration. "[I]f a motion to extend the time to take any action is filed before the expiration of the period prescribed by the [Bankruptcy Code, Bankruptcy Rules, Local Rules] or Court order, the time shall automatically be extended until the Court acts on the motion, without the necessity for the entry of a bridge order." Local Rule 9006-2; *see, e.g., In re Matter of CPM*

---

[2] Pursuant to Rule 9006-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), "if a motion to extend the time to take any action is filed before the expiration of the period prescribed by the Bankruptcy Code, Bankruptcy Rules, Local Rules or Court order, the time shall automatically be extended until the Court acts on the motion, without the necessity for the entry of a bridge order." Here, this Motion was filed prior to the expiration of the current Exclusive Periods. Accordingly, such periods are automatically extended until the Court has an opportunity to consider the Motion.

[3] *See* 11 U.S.C. § 1121(d) ("[O]n the request of a party in interest made within the respective periods specified in subsections (b) and (c) of this section and after notice and a hearing, the court may for cause reduce or increase the 120-day period or the 180-day period referred to in this section.").

4

*Energy Sys., Inc.*, 103 B.R. 508, 508 (Bankr. D. Del. 1989) (noting that an extension request made on the 119th day of the original 120–day period established by statute was timely).

11.    The Bankruptcy Code neither defines the term "cause" for purposes of section 1121(d) nor establishes formal criteria for an extension of the Exclusive Periods. The legislative history of section 1121 of the Bankruptcy Code indicates, however, that "cause" is intended to be a flexible standard to balance the competing interests of a debtor and its creditors. *See* H.R. Rep. No. 95-595, at 231-32 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5787, 6191 (noting that Congress intended to give bankruptcy courts great flexibility to protect a debtor's interests by allowing a debtor an unimpeded opportunity to negotiate settlement of debts without interference from other parties in interest).

12.    In determining whether cause exists to extend a debtor's exclusive periods, a bankruptcy court may consider a variety of factors to assess the totality of circumstances in each case. *See, e.g.*, *First Am. Bank of N.Y. v. Southwest Gloves & Safety Equip., Inc.*, 64 B.R. 963, 965 (D. Del. 1986) ("Section 1121(d) provides the Bankruptcy Court with flexibility to either reduce or increase that period of exclusivity in its discretion."); *In re Borders Group, Inc.*, 460 B.R. 818, 821–22 (Bankr. S.D.N.Y. 2011) ("The determination of cause under section 121(d) is a fact-specific inquiry and the court has broad discretion in extending or terminating exclusivity"); *In re Adelphia Comm. Corp.*, 352 B.R. 578, 587 (Bankr. S.D.N.Y. 2006) (identifying objective factors courts historically have considered in determining whether cause exists to extend or terminate exclusivity); *see also In re McLean Indus., Inc.*, 87 B.R. 830, 834 (Bankr. S.D.N.Y. 1987); *In re Dow Corning Corp.*, 208 B.R. 661, 664 (Bankr. E.D. Mich. 1997); *In re Express One Int'l, Inc.*, 194 B.R. 98, 100 (Bankr. E.D. Tex. 1996).

RLF1 21646250V.1

13.    These factors include, without limitation:

   i.  the size and complexity of the debtor's case;

  ii.  the necessity for sufficient time to permit the debtor to negotiate a chapter 11 plan and prepare adequate information;

 iii.  the existence of good faith progress towards reorganization;

 iv.  the fact that the debtor is paying its bills as they become due;

  v.  whether the debtor has demonstrated reasonable prospects for filing a viable plan;

 vi.  whether the debtor has made progress in negotiations with its creditors;

 vii.  the amount of time which has elapsed in the case;

viii.  whether the debtor is seeking an extension of exclusivity in order to pressure creditors to submit to the debtor's reorganization demands; and

 ix.  whether an unresolved contingency exists.

*See, e.g.*, *Adelphia Comm.*, 352 B.R. at 587 (noting that the nine factors listed above are "objective factors which courts historically have considered in making determinations of this character"); *In re Cent. Jersey Airport Servs., LLC*, 282 B.R. 176, 183 (Bankr. D.N.J. 2002); *In re McLean Indus. Inc.*, 87 B.R. 830, 834 (Bankr. S.D.N.Y. 1987).

14.    Not all of these factors are relevant in every case, and a finding that any one of these factors exist may justify extending a debtor's exclusive periods.  *See In re Express One Int'l, Inc.*, 194 B.R. 98, 100 (Bankr. E.D. Tex. 1996) (finding four factors relevant in determining whether cause exists to extend exclusivity); *In re Interco, Inc.*, 137 B.R. 999, 1001 (Bankr. E.D. Mo. 1992) (same); see also *Dow Corning*, 208 B.R. at 670 ("When the Court is determining whether to terminate a debtor's exclusivity, the primary consideration should be whether or not doing so would facilitate moving the case forward.  And that is a practical call that can override a mere toting up of the factors.").

15.     The requested extension of the Exclusive Periods will enable the Debtors to implement the Plan.  The Exclusive Periods established by Congress were incorporated in the Bankruptcy Code to afford a full and fair opportunity for a debtor to propose a chapter 11 plan and solicit acceptances of such plan without the deterioration and disruption of a debtor's business that might be caused by the filing of multiple competing plans.  Having confirmed the Plan with overwhelming creditor support, including the support of, among others, the Creditors' Committee and the Debtors' first and second lien lenders, the Debtors are well on their way down this path and require an extension to allow them a full and fair opportunity to implement the Plan and have the Plan go effective free of any distraction that a competing plan process would cause.  As discussed above and below, applying the identified standards to the facts of these Chapter 11 Cases demonstrates that ample cause exists to further extend the Exclusive Periods.  Under the circumstances of these cases, terminating the Exclusive Periods at this stage would be antithetical to the purpose of chapter 11 of the Bankruptcy Code and detrimental to the reorganization process.

A.      **The Debtors' Cases Are Complex**

16.     The size and complexity of a debtor's case alone may constitute cause to extend the Exclusive Periods.  The legislative history of section 1121(d) of the Bankruptcy Code provides that "if an unusually large company were to seek reorganization under chapter 11, the court would probably need to extend the time in order to allow the debtor to reach an agreement." H.R. Rep. No. 95-595, at 208 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5963.  Similarly, "[t]he large size of the debtor and the consequent difficulty in formulating a plan . . . for a huge debtor with a complex financial structure are important factors which generally constitute cause for extending the exclusivity periods."  *In re Texaco Inc.*, 76 B.R. 322, 326 (Bankr. S.D.N.Y. 1987). *See also In re Borders Group, Inc.*, 2011 WL 9155779, *3 (Bankr. S.D.N.Y. June 2, 2011) (citing

7

*In re Texaco, Inc.*, 76 B.R. at 326 and granting extension of exclusivity periods for 120 days); *In re Adelphia Commc'ns Corp.*, 336 B.R. 610, 674 (Bankr. S.D.N.Y. 2006) (noting that factors constituting "cause" for extension of exclusivity periods include "the size and complexity of the case" and "the necessity of sufficient time to permit the debtor to negotiate a plan of reorganization and prepare adequate information to allow a creditor to determine whether to accept such plan.").

17.     The size and complexity of the Debtors' Chapter 11 Cases supports a further extension of the Exclusive Periods.  The Debtors operate a national media company that owns or licenses twenty-seven (27) Spanish-language television stations and radio stations producing programming that serves some of the nation's largest media markets and reaches millions of viewers and listeners.  The Debtors' schedules of assets and liabilities and statements of financial affairs indicate that the Debtors have hundreds of creditors on a consolidated basis, and over 5,000 parties in interest received notice of these Chapter 11 Cases.  The Debtors' cases are considered "larger chapter 11 cases" under the *Appendix B Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under United States Code By Attorneys in Larger Chapter 11 Cases*, and a fee examiner has been appointed in accordance with the *Amended General Order Regarding Fee Examiners in Chapter 11 Cases with Combined Assets and/or Liabilities in Excess of $100,000,000 Before Judge Christopher S. Sontchi* [D.I. 616].

18.     Nearly every aspect of these Chapter 11 Cases has been highly complex and, prior to reaching the global resolution that was embodied in the Plan, contested, and the Debtors believe that this factor alone warrants extension of their Exclusive Periods.

**B.      The Debtors Continue to Make Good Faith Progress Towards Reorganization**

19.     The progress towards restructuring and the length of time a case has been pending are considerations when determining whether there is "cause" to justify an extension of a

8

debtor's exclusivity periods.  *See In re Cent. Jersey Airport Servs., LLC*, 282 B.R. at 183 (granting an extension because the debtor almost completed the chapter 11 plan).  When determining whether there is sufficient progress, courts consider the success in negotiations with the creditors and other stakeholders.  *See In re Pine Run Tr., Inc.*, 67 B.R. 432, 435 (Bankr. E.D. Pa. 1986) (allowing a ninety-day extension because debtors were close to concluding negotiations that were critical to reorganization); *In re Swatara Coal Co.*, 49 B.R. 898, 899 (Bankr. E.D. Pa. 1985) (authorizing an extension in light of the reasonable possibility that necessary negotiations will be commenced and concluded); *In re Serv. Merch. Co., Inc.*, 256 B.R. 744, 751 (Bankr. M.D. Tenn. 2000) (showing cash flow that was better than anticipated under the business plan was progress to warrant a further extension).

20.    As discussed above, the Debtors, with the support of almost their entire creditor body, have confirmed the Plan with the Bankruptcy Court and are progressing towards emergence from these Chapter 11 Cases.  The Debtors require regulatory approval for the Plan to become effective, which will likely occur after the Debtors' current Exclusive Periods would have expired.  As such, the Debtors request an extension of the Exclusive Periods to continuing pursuing regulatory approval so that they may emerge from these Chapter 11 Cases as promptly as possible without the distraction of another party potentially filing a competing chapter 11 plan.

## C.    The Requested Extension Has a Proper Purpose

21.    The Exclusive Periods should give an "opportunity . . . to allow the debtor time to satisfy all creditors and win support for its restructuring scheme and thus ensure its survival as a business."  *In re Geriatrics Nursing Home, Inc.*, 187 B.R. 128, 133 (D.N.J. 1995).  The requested extension should not be for an improper purpose, such as pressuring creditors.  *See, e.g.*,

*In re Serv. Merch. Co., Inc.*, 256 B.R. 744, 751 (Bankr. M.D. Tenn. 2000) (finding no improper purpose without objections suggesting otherwise).

22.     The Debtors are making this request for extension solely to continue working towards obtaining regulatory approval for effectiveness of the Plan. As such, the Debtors' request has a proper purpose.

**D.     The Debtors Are Current On Payment of Postpetition Administrative Expenses**

23.     In determining whether to grant an extension of exclusivity, courts also assess a debtor's liquidity and whether the debtor continues to pay its debts as they become due. *See In re Texaco, Inc.*, 76 B.R. 322 (Bankr. S.D.N.Y. 1987).

24.     The Debtors continue to manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  The Debtors continue to pay all ongoing, ordinary course expenses and remain focused on assuring that all administrative expenses are paid on time.  Accordingly, this factor weighs in favor of granting an extension of the Exclusive Periods.

**E.     Relatively Little Time Has Elapsed Since These Chapter 11 Cases Were Commenced**

25.     This is the Debtors' second request for an extension of the Exclusive Periods.  The request comes less than eight (8) months into these Chapter 11 Cases.  Considering the contingencies and challenges facing the Debtors at the outset of these cases and that the Debtors were able to reach a global settlement that paved the Debtors' path to emergence, the Debtors have proceeded through these Chapter 11 Cases with speed and efficiency.  As such, for all of the reasons set forth above, the facts and circumstances of these cases demonstrate that sufficient cause exists to grant the requested relief.

**F.**    **The Debtors Have Proposed A Viable Plan**

26.    As discussed, the Debtors have already proposed, solicited votes on, and obtained confirmation of the Plan.  The Plan provides the Debtors with the means to emerge from chapter 11 as a viable, competitive business.

## Conclusion

27.    The Debtors' Chapter 11 Cases are moving towards a successful conclusion and the Debtors are diligently working to get regulatory approval to have the Plan go effective as soon as possible.  The requested extension of the Exclusive Periods will allow this process to continue in a rational manner, preserve enterprise value, and provide the Debtors with a fair and reasonable opportunity to implement the Plan.  Given the reasonable extensions requested under the circumstances, the intent and purpose of section 1121 of the Bankruptcy Code will be squarely met if the Court grants the relief requested herein.

## Notice

28.    Notice of this Motion will be provided to (i) the Office of the United States Trustee for the District of Delaware; (ii) counsel to the Creditors' Committee (iii) counsel for the DIP Agent, the DIP Lenders, and the Consenting First Lien Noteholders; (iv) counsel to the First Lien Trustee; (v) counsel to the Collateral Trustee for the First Lien Notes; (vi) counsel to the ad hoc group of Second Lien Noteholders; (vii) counsel to the Indenture and Collateral Trustee for the Second Lien Notes; (viii) Trustee for the Intermediate HoldCo Notes; (iv) Trustee for the HoldCo Notes; (x) counsel to the HoldCo Noteholders; (xi) the Securities and Exchange Commission; (xii) the Internal Revenue Service; (xiii) the United States Attorney's Office for the District of Delaware; and (xiv) any other party that has requested notice pursuant to Bankruptcy Rule 2002.

**<u>No Previous Request</u>**

29.    No previous request for the relief sought herein has been made by the Debtors to this or any other court.

WHEREFORE the Debtors respectfully request entry of the Proposed Order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.


Dated: July 17, 2019         **RICHARDS, LAYTON & FINGER, P.A.**
       Wilmington, Delaware

                             _/s/ Megan E. Kenney_____
                             Daniel J. DeFranceschi (No. 2732)
                             Zachary I. Shapiro (No. 5103)
                             Megan E. Kenney (No. 6426)
                             One Rodney Square
                             920 North King Street
                             Wilmington, Delaware 19801
                             Telephone: (302) 651-7700
                             Facsimile: (302) 651-7701

                             - and -

                             **WEIL, GOTSHAL & MANGES LLP**
                             Ray C. Schrock, P.C.
                             Garrett A. Fail
                             David J. Cohen
                             767 Fifth Avenue
                             New York, New York  10153
                             Telephone:  (212) 310-8000
                             Facsimile:   (212) 310-8007

                             *Attorneys for Debtors and Debtors in Possession*